**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

KHIESHA WONG,

    Plaintiff,

v.

THE HILLMAN GROUP INC.,

    Defendant.

Case No. 2:25-cv-02185-GMN-NJK

**Order**

[Docket No. 20]

Pending before the Court is the parties' stipulation to extend case management deadlines by 45 days. Docket No. 20.

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). "The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed." *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1177 (D. Nev. 2022). The Court considers whether relief from the scheduling order is sought based on the development of matters that could not have been reasonably anticipated at the time the schedule was established. *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999). Courts may also consider other pertinent circumstances, including whether the movant was diligent in seeking modification of the scheduling order once it became apparent that the movant required relief from the deadline at issue. *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609. When diligence has not been shown in support of an extension request, "the inquiry should end." *Id.*[1] Although the Court may consider the joint nature of a

---

[1] The Ninth Circuit has emphasized the importance of scheduling orders, *see Desio v. State Farm Mut. Auto. Ins. Co.*, 339 F.R.D. 632, 641 (D. Nev. 2011) (collecting cases), and has stated

1

stipulation to extend, "[t]hat a request is made jointly neither mandates allowance of the extension sought nor exempts parties from making the necessary showings to justify that relief." *Williams*, 627 F. Supp. 3d at 1178.

The Court entered the scheduling order in this matter on December 3, 2025, setting the discovery cutoff on May 4, 2026. Docket No. 11. This is the parties' second request for an extension of case management deadlines; however, the instant stipulation incorrectly states that this is the first request. Docket No. 20 at 1; *see also* Docket No. 18. The Court denied the parties' previous stipulation without prejudice. Docket No. 19 at 2. In the instant stipulation, the parties submit that a 45-day extension is warranted because Defendant agreed to conduct a secondary review of its records to resolve a discovery dispute between the parties, and Plaintiff's deposition of Defendant's Rule 30(b)(6) witness is scheduled for April 23, 2026. Docket No. 20 at 2-3. The parties contend that an extension would offset the burden of Defendant's ongoing search and minimize the prejudice to Plaintiff in taking the deposition. *See id.* The Court previously explained to the parties that the need to review records does not establish good cause for an extension. *See Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1180 (D. Nev. 2022).

Nonetheless, in the interest of resolving this case on its merits and as a one-time courtesy to the parties, the Court finds that good cause exists for a 30-day extension of the subject deadlines. Accordingly, the Court **GRANTS** in part and **DENIES** in part the stipulation and **RESETS** case management deadlines as follows:

- Discovery cutoff: June 3, 2026
- Dispositive motions: July 6, 2026
- Pretrial order: August 5, 2026, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: April 14, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

bluntly that Rule 16 scheduling orders must "be taken seriously," *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994).